## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **RONALD SATISH EMRIT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 3:23-cv-00227 |
| | ) |
| **KARA PRATT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

Ronald Satish Emrit, a Florida resident, has filed a Complaint against Texas attorney Kara Pratt, the Texas Supreme Court, the Texas Bar, the Texas Chief Disciplinary Counsel, and the Texas Board of Disciplinary Appeals. (Doc. No. 1). The Complaint brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and Tennessee law. Emrit also submitted an in forma pauperis application that sufficiently demonstrates he cannot pay the full civil filing fee in advance "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). The application (Doc. No. 2) is therefore **GRANTED**. 28 U.S.C. § 1915(a).

As a threshold matter, the Court must address whether venue is proper. Venue is governed by 28 U.S.C. § 1391 unless specific statutory venue provisions apply, and these "alone define whether venue exists in a given forum." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 55-56 (2013) (quoting 28 U.S.C. § 1391(a)(1)) Title VII and ADA claims are governed by specific venue provisions, 42 U.S.C. § 2000e-5(f)(3) (Title VII); 42 U.S.C. § 12117(a) (ADA). A plaintiff may bring these claims in: (1) any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in

which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or, (4) if the respondent is not found within any district under the first three scenarios, within the judicial district in which the respondent has his principal office. Id.; Smith v. Kyphon, Inc., 578 F.Supp.2d 954, 959 (M.D. Tenn. 2008). Emrit's remaining claims are governed by Section 1391, which provides that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Nothing in the Complaint indicates that Emrit's claims may be brought within the Middle District of Tennessee under either the specific Title VII or ADA venue rules or the general venue statute. Emrit, a Florida resident, brings claims against individuals or entities based in Austin, Texas, that are entirely premised upon the alleged display of pictures of Emrit in a Texas courtroom. (Doc. No. 1.) The Complaint contains no allegation that any party has a presence in or connection to the Middle District of Tennessee, nor does Emrit allege that any events relevant to his claims occurred in this district. Id. Venue is therefore improper. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Atl. Marine Const. Co., 571 U.S. at 56 (explaining that if "venue is improper, and the case must be dismissed or transferred

under § 1406(a)"). Accordingly, in the interest of fairness and in accordance with Section 1406(a), the Clerk shall **TRANSFER** this action to the United States District Court for the Western District of Texas and close the case.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE