**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |  |
|---|---|---|
| **RONALD SATISH EMRIT,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:23-CV-00207-ADA-DTG** |
| | § | |
| **KARA PRATT, et al.,** | § | |
| *Defendants,* | § | |

**REPORT & RECOMMENDATION TO
DISMISS THIS ACTION WITHOUT PREJUDICE**

**TO:   THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the plaintiff, Ronald Satish Emrit's complaint. Dkt. No. 1. After careful consideration of the complaint, the application, and the applicable law, the Court **RECOMMENDS** this case be **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

The pro se plaintiff, Ronald Satish Emrit, complains that one of the defendants, Kara Pratt, displayed his photograph and made false insinuations about him during judicial proceedings that were held in either Hill County or Johnson County, Texas. Dkt. No. 1 ¶¶ 22–23. On March 14, 2023, the plaintiff filed the instant suit in the United States District Court of the Middle District of Tennessee based on these allegations seeking to recover from Ms. Pratt, the

Texas Supreme Court, the Texas Bar, the Chief Disciplinary Counsel in Austin, Texas, and the Board of Disciplinary Appeals of Austin, Texas. *See id.* ¶¶ 3–8. He also filed a motion to proceed in forma pauperis. Dkt. No. 2. The United States District Court for the Middle District of Tennessee granted the motion to proceed in forma pauperis, considered whether venue was proper, and transferred the case to this court. Dkt. No. 4.

On the same date, March 14, 2023, the plaintiff filed an identical complaint against the same defendants in the United States District Court for the Eastern District of Louisiana. *See Emrit v. Pratt*, No. 6:23-CV-00201-ADA-DNM (W.D. Tex. filed Mar. 14, 2023). The United States District Court for the Eastern District of Louisiana deferred ruling on the motion to proceed in forma pauperis, considered whether venue was proper, and transferred that case to this court. *Emrit*, No. 6:23-CV-00201-ADA-DNM, Dkt. No. 3 (E.D. La. Mar. 20, 2023).

## II.    ANALYSIS

Title 28 of the United States Code allows an indigent person to seek permission to file a civil suit without paying the filing fee by submitting a specific affidavit. 28. U.S.C. § 1915(a)(1). The affidavit must include "a statement of all assets such [person] . . . possesses [and] that the person is unable to pay such fees or give security therefor." *Id.* To prevent that privilege from resulting in "frivolous, malicious, or repetitive lawsuits," Congress requires courts to dismiss a claim sua sponte if the Court determines it is frivolous or malicious. *Neitzke v. Williams*, 490 U.S. 318, 324 (1989); *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is malicious if it duplicates allegations made in another pending federal lawsuit by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). When a district court is confronted with duplicative lawsuits, it should dismiss the later-filed action and defer to the case that was first filed. *Id.*

The district court for the Middle District of Tennessee granted the plaintiff's application to proceed in forma pauperis and considered the propriety of venue in that district. That court determined that venue in the Middle District of Tennessee was improper and transferred the case under 28 U.S.C. § 1406. Dkt. No. 4 at 2-3. The transferring court did not reach the question of whether the plaintiff's complaint was frivolous or improper under 28 U.S.C. § 1915(e). *Id.* The Court therefore addresses its screening here.

The instant complaint is identical to the complaint that the plaintiff filed in *Emrit v. Pratt*, No. 6:23-CV-00201-ADA-DNM (W.D. Tex. filed Mar. 14, 2023). *Compare* Dkt. No. 1 *with* Compl., *Emrit*, No. 6:23-CV-00201-ADA-DNM, Dkt. No. 1. While both cases were originally filed on the same day, the Louisiana case (6:23-CV-00201) was transferred to this court before the present case. That is why the -00201 case has the lower cause number. As such, the undersigned considers the -00201 case to be the first-filed action. Because the instant case is the later-filed action, the Court finds that it is malicious and **RECOMMENDS** that the matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(e).

### III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge for the case to be **DISMISSED WITHOUT PREJUDICE** as malicious under 28 U.S.C. § 1915(e).

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 13th day of April, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE